■ In the Matter of the Claim of MAGGIE WRIGHT, Respondent, v. PLEASANT WASTE MATERIAL COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The deceased employee was injured in an explosion on August 26, 1944. He was paid $325.19 compensation to January 13, 1945, when, apparently, he returned to work. On January 30, 1946 he died for causes unrelated to the accident. Two years later limited letters of administration were issued to an aunt who commenced a third-party action on July 20, 1948. Since no third-party action had been commenced by the employee himself, who was then alive, within six months after the date the award was made, March 16, 1945, the cause of action against the third party vested in the carrier six months later on September 16, 1945, and neither the decedent during his lifetime nor his administratrix thereafter had any legal right to pursue the cause. (Workmen's Compensation Law, § 29, subd. 1, as it read in 1944 and 1948.) Nevertheless the action was continued, with the carrier's knowledge since it filed a lien on the proceeds for the compensation it had paid, and when the action was settled in January, 1954 for $4,000 the carrier collected $654.84 of the proceeds. The board has made a posthumous award for facial disfigurement and schedule losses to the decedent's dependent mother, and the issue is whether the compromise was with the consent of the carrier or prejudiced the carrier's rights under section 29 of the Workmen's Compensation Law. The case was here before (3 A D 2d 333) and was remitted, among other things, to determine whether the carrier's rights have been prejudiced by the third-party settlement. On the prior appeal it was noted by Presiding Justice FOSTER (p. 336) as to the carrier, that "If it slept on its rights it cannot now justly complain". We think the record now demonstrates that the carrier fully waived whatever objection it might have had to the third-party settlement. The carrier owned the action and not the employee's estate. The carrier permitted the action to proceed, nevertheless, in the name of the administratrix, and filed a lien which it collected in full on an action which it owned. It is not easy to demonstrate either that the settlement, if it had any legal effect, was without its consent; or that the carrier was prejudiced. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.